

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | 05C 1109 |
| CONCENTRA HEALTH SERVICES, INC., | ) ) | COMPLAINT |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

**FILED FEB 2 4 2005 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

**JUDGE ANDERSEN**

**MAGISTRATE JUDGE ASHMAN**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Charles A. Horn ("Horn") who was adversely affected by such practices. As alleged in paragraph seven (7) below, Defendant Concentra Health Services, Inc. ("Concentra") discriminated against Horn by retaliating against him after he reported to Concentra's Director of Human Resources that his female supervisor gave a male subordinate, with whom she was engaged in a sexual relationship, preferential treatment over similarly situated employees with respect to his employment.

## JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and

1

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Concentra has continuously been and is now doing business in the State of Illinois and the City of Elk Grove, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Concentra has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Horn filed a charge with the Commission alleging violations of Title VII by Defendant Concentra. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least 2001, Defendant has engaged in unlawful employment practices at its Elk Grove location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such unlawful employment practices include, but are not limited to, retaliating against Horn for

making a complaint with Concentra's Director of Human Resources stating that his female supervisor gave a male subordinate, with whom she was having an inappropriate sexual relationship, preferential treatment over similarly situated employees with respect to his employment. Concentra's retaliation includes, but is not limited to, issuing Horn unwarranted negative evaluations and terminating him.

8. The effect of the practices complained of in paragraph seven (7) above has been to deprive Horn of equal employment opportunities and otherwise adversely affect his status as an employee, because of his participation in conduct protected by Title VII.

9. The unlawful employment practices complained of in paragraph seven (7) were intentional.

10. The unlawful employment practices complained of in paragraph seven (7) were done with malice or with reckless indifference to Horn's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Concentra, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which retaliates against employees for their participation in conduct protected by Title VII;

B. Order Defendant Concentra to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who participate in conduct protected by Title VII, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Concentra to make whole Horn by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D. Order Defendant Concentra to make whole Horn for his participation in conduct protected by Title VII by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph seven (7) above, including emotional pain, suffering, humiliation, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

E. Order Defendant Concentra to make whole Horn for his participation in conduct protected by Title VII by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph seven (7) above, in amounts to be determined at trial;

F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph seven (7), in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
John C. Hendrickson
Regional Attorney

_____
Diane I. Smason
Supervisory Trial Attorney

_____
Aaron R. DeCamp
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7526