IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) No. 05 C 1109 |
| v. | )<br>) |
| | ) Wayne R. Andersen |
| CONCENTRA HEALTH SERVICES, INC., | ) District Judge<br>)<br>) |
| | ) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the Defendant, Concentra Health Services, Inc.'s ("Concentra"), motion to dismiss. Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed a complaint against Concentra alleging that it discriminated against Charles Horn ("Horn") by retaliating against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). For the reasons set forth below, the Defendant's motion is granted.

The EEOC filed this lawsuit against Concentra on February 24, 2005 alleging that Concentra retaliated against Horn for making a complaint with Concentra's Director of Human Resources. Horn's complaint stated that his female supervisor gave a male subordinate, with whom she was having an inappropriate sexual relationship, preferential treatment over similarly situated employees with respect to his employment. Concentra conducted an investigation and determined that the alleged relationship violated the company policy and took various measures to correct the situation. Following Horn's report to the Director of Human Resources, Horn claims that he was issued approximately eight unwarranted written disciplinary warnings, all of

which were completed by his female supervisor whom he had previously reported. Approximately seven months after filing his complaint with the company's Director of Human Resources, Concentra terminated Horn's employment.

## ANALYSIS

Courts review a motion to dismiss under Rule 12(b)(6) by taking a plaintiff's allegations as true and "drawing all reasonable inferences in the plaintiff's favor." Veazey v. Communications & Cable of Chicago, Inc., 194 F.3d 850, 854 (7th Cir. 1999). Further, "[a] Court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 476 U.S. 69, 104 S.Ct. 2229 (1984).

Defendant argues that the EEOC's claim should be dismissed because the complaint fails to state a claim upon which relief can be granted. Specifically, the Defendant argues that the Plaintiff's claim that Concentra retaliated against Horn cannot serve as a foundation for a valid Title VII claim because alleged favoritism bestowed by a supervisor upon a paramour at work is not a violation of Title VII and therefore, he fails to satisfy the first prong required for a Title VII complaint.

To prove a case of retaliation under Title VII, plaintiff must show: (1) he engaged in statutorily protected expression; (2) she suffered an adverse action at the hands of her employer; and (3) there was a causal link between the two. Fine v. Ryan International Airlines, 305 F.3d 746, 751-52 (7th Cir. 2002). For a plaintiff to prevail on a retaliation claim, the complaint must involve discrimination that is prohibited by Title VII. In this case, the EEOC must establish that Horn "not only had a subjective (sincere, good faith) belief that he opposed an unlawful employment practice; his belief must also be objectively reasonable, which means that the

complaint must involve discrimination that is prohibited by Title VII. . . . If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable." Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc., 224 F.3d 701, 707 (7th Cir. 2000).

The Seventh Circuit has held that "Title VII does not prevent employers from favoring employees because of personal relationships." Schobert v. Illinois Dep't of Transp., 304 F.3d 725, 733 (7th Cir. 2002); *See also*, Preston v. Wisconsin Health Fund, 397 F.3d 539, 541 (7th Cir. 2005)("Neither in purpose nor in consequence can favoritism resulting form a personal relationship be equated to sex discrimination.") Whether an employee favors one employee over another because of a familial relationship, friendship, or love interest, that special treatment is permissible under Title VII as long as it is not based on an impermissible classification." Schoebert, 304 F.3d at 733 *citing* DeCintio v. Westchester County Medcical Center, 807 F.2d 304, 306 (2nd Cir. 1986) (rejecting the argument that male plaintiff's are discriminated against if a supervisor prefers his female love interest).

In the instant case, the activity that the EEOC alleged in its complaint is not proscribed by Title VII. Therefore, the EEOC cannot satisfy all three prongs necessary to bring a Title VII complaint. Although a plaintiff need not establish a successful underlying Title VII claim to satisfy the first element of the prima facie case for a retaliation claim, he does have to show that he "reasonably believed in good faith that the practice he opposed violated Title VII." Firestine v. Parkview Health System, 388 F.3d 229, 234 (7th Cir. 2003) *citing* Durkin v. City of Chicago, 341 F.3d 606, 615 (7th Cir. 2003). The EEOC in this case has not presented any facts to suggest that Horn objectively and reasonably believed in good faith that his female supervisor's favoritism to a paramour was a violation of Title VII.

3

## CONCLUSION

Based on the facts set forth, Plaintiff has failed to state a claim upon which relief can be granted. For these reasons, we grant the Defendant's motion to dismiss Plaintiff's complaint. Plaintiff is granted leave to file an amended complaint within 28 days.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: November 3, 2005