IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | )<br>)<br>) |
| Plaintiff, | ) No. 05 C 1109<br>) |
| v. | ) Wayne R. Andersen<br>) District Judge |
| CONCENTRA HEALTH SERVICES, INC., | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on Defendant Concentra Health Services' 12(b)(6) motion to dismiss Plaintiff Equal Employment Opportunity Commission's first amended complaint. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

I.     Procedural History

Plaintiff filed its original complaint on behalf of Charles Horn, an employee of the Defendant, on February 24, 2005. The original complaint alleged that Defendant retaliated against Horn by terminating his employment in violation of Title VII. It further alleged Horn was discharged because Horn reported his supervisor's sexual relationship with a male subordinate, to whom the supervisor allegedly gave preferential treatment.

Defendant filed a motion to dismiss the original complaint, which was granted by this Court. In our opinion dismissing the complaint, we held that in order to state a cause of action

1

for retaliation under Title VII, a plaintiff must show that he engaged in statutorily protected expression. For this expression to be statutorily protected, the employee must have reasonably believed that he opposed an unlawful employment practice. For the employee's belief to be reasonable, the conduct he opposed and reported must actually be prohibited by Title VII. However, Title VII does not prohibit favoritism in the workplace based on personal relationships. Consequently, because the conduct that Horn opposed and reported was favoritism based on a personal relationship, his belief that such conduct violated Title VII could not be reasonable because such conduct does not violate Title VII. Accordingly, we held that Plaintiff failed to state a cause of action and granted Defendant's Rule 12(b)(6) motion.

Plaintiff filed this amended complaint on November 29, 2005 under Title VII of the Civil Rights Act of 1664 ("Title VII"), 42 U.S.C. § 2000e-3(a), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a). In the amended complaint, Plaintiff alleges that Defendant retaliated against Horn in violation of Title VII because Horn reported conduct that he reasonably believed violated Title VII. Defendant has now moved to dismiss the amended complaint under Rule 12(b)(6).

II. <u>The Allegations in the Amended Complaint</u>

Plaintiff's amended complaint is even more vague than the original complaint. It contains only two sentences which address the nature of its claim:

> Since at least 2001, Defendant has engaged in unlawful employment practices...Such unlawful employment practices include, but are not limited to, retaliating against Horn after he opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII by reporting the conduct to Concentra's Director of Human Resources." (Amended Complaint, ¶7).

The amended complaint provides no description of the "conduct" that Horn reported, and does not allege any facts that would even provide a clue as to the nature of this "conduct." In fact, the

2

amended complaint is exactly the same as the original complaint, except that the sentence in the original complaint alleging that Horn opposed preferential treatment based on a sexual relationship was changed in the amended complaint to say that Horn opposed conduct he believed violated Title VII.

III.    The Allegations in the EEOC Charge

While the amended complaint does not allege any facts about the "conduct" that Horn opposed, the EEOC Charge that Horn filed regarding Defendant's alleged retaliation sets forth the facts underlying the situation. The EEOC Charge shows that the "conduct" Horn allegedly opposed in the amended complaint is the same conduct specified in the original complaint: conduct that we previously held did not violate Title VII and could not form the basis for a retaliation claim.

Horn alleges in the EEOC Charge that his supervisor (the "supervisor") at Defendant company was having an affair with an employee under her supervision (the "supervisee") and with other employees, including her superiors. The EEOC Charge further claims that other employees told Horn that they believed that the supervisor gave the supervisee preferential treatment because of their sexual relationship. The EEOC Charge alleges that Horn reported to Defendant's Human Resource Manager that his supervisor was having an affair with the supervisee and that this affair was adversely affecting the work environment and Horn's ability to perform his job duties. The EEOC Charge alleges that Horn was then subjected to unwarranted disciplinary warnings and fired. Finally, the EEOC Charge alleges that the reason Horn was given for being fired was that Defendant had received a complaint about him, but that when he requested his personnel file, it did not contain a complaint or a reference to a complaint.

In sum, the amended complaint alleges that Defendant retaliated against Horn because Horn reported "conduct" that he believed to violate Title VII. The EEOC Charge makes clear that the "conduct" referred to in the amended complaint is an alleged affair between Horn's supervisor and a supervisee, and possibly other affairs that this supervisor allegedly engaged in with other employees. We will now consider Defendant's motion to dismiss the amended complaint.

## DISCUSSION

In reviewing a motion to dismiss, courts take the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 853 (7th Cir. 1999). The court may dismiss a complaint when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957).

I. Does The Amended Complaint Provide Adequate Notice To The Defendant Of The Charges Against It?

The amended complaint in this case fails to provide adequate notice to the Defendant because it offers only a conclusory allegation rather than offering any facts to support the claim. The amended complaint does not specify what conduct Horn believed to violate Title VII and form the basis for a retaliation claim. Instead, it alleges **only** that Horn "opposed conduct in the workplace that he objectively and reasonably believed in good faith violated Title VII by reporting the conduct to Concentra's Director of Human Resources." (Amended Complaint, ¶7). This allegation is a legal conclusion, unsupported by any facts, and gives Defendant no indication of the nature or scope of the allegedly unlawful conduct. Thus, the amended complaint taken by itself does not provide adequate notice to the Defendant. This deficiency is reason enough to dismiss the amended complaint.

4

II. Does The Amended Complaint Together With The EEOC Charge Allege Unlawful Conduct?

The amended complaint alone fails to provide adequate notice of the charges and, when read with the EEOC Charge, it still fails to state a cause of action. Defendant correctly argues that the court may consider the EEOC Charge in order to determine the scope of a Title VII complaint. *See Whitehead v. AM Int'l, Inc.*, 860 F. Supp. 1280, 1286 (N.D. Ill. 1994). The Seventh Circuit has held that documents attached to a motion to dismiss, such as the EEOC Charge here, are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. *Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir. 1993). While Plaintiff contends that the EEOC Charge is not central to Plaintiff's amended complaint, Plaintiff's amended complaint would not exist without the Charge. The EEOC Charge alleges factual circumstances surrounding the conduct Horn experienced and reported. Once the Charge is considered, it is clear that the facts that Plaintiff failed to provide in the amended complaint, taken as true, still do not state a cause of action.

The first element of a claim of retaliation under Title VII is that the plaintiff "engaged in statutorily protected expression." *Fine v. Ryan International Airlines*, 305 F.3d 746, 751–52 (7th Cir. 2002) (citing *Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446, 1457 (7th Cir.1994). This element has also been described as opposing an employment practice which is unlawful under Title VII. *Hamner v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 224 F.3d 701, 705 (7th Cir. 2000) (citing *Cullom v. Brown*, 209 F.3d 1035, 1040 (7th Cir. 2000). To establish this first element, an employee must show two things: (1) that the employee reasonably believed that the employer engaged in conduct that violated Title VII; and (2) that the employee reported this

conduct. Because we conclude that Plaintiff cannot meet this element, we need not evaluate the remaining elements of a Title VII retaliation claim.

To establish that the employee reasonably believed that the conduct violated Title VII, the employee "must not only have a subjective (sincere, good faith) belief that he opposed an unlawful practice; his belief must also be objectively reasonable, which means that the complaint must involve discrimination that is prohibited by Title VII." *Hamner*, 224 F.3d at 707. Conversely, if the type of conduct at issue is not prohibited by Title VII, the employee's complaints about it are not "statutorily protected" under Title VII. However, an employee need not actually succeed on a separate claim against the offending conduct in order for the conduct to be a valid basis for the retaliation claim. *See Dey v. Colt Constr. & Dev. Co.*, 28 F.3d 1446 (7th Cir. 1994); *Firestine v. Parkview Health System, Inc.*, 388 F.3d 229, 234 (7th Cir. 2004). In other words, if Title VII prohibits the type of conduct reported, the conduct can serve to meet this element even if it does not rise to the level of creating an independent successful claim.

Next, the employee must have opposed, or reported, this unlawful conduct. Thus, if the plaintiff believed that the employer was engaged in conduct that violated Title VII, but never made the employer aware of his opposition to this conduct, there can be no claim for retaliation.

Plaintiff, in its EEOC Charge and in its response brief, has suggested that the unspecified "conduct" that Horn believed to violate Title VII is workplace favoritism or a hostile work environment. The EEOC Charge alleged that Horn reported an affair between a supervisor and a supervisee, and that the supervisor gave the supervisee preferential treatment. Plaintiff's original complaint also alleged this theory of workplace favoritism. Plaintiff disclaimed the favoritism theory in its response brief and suggests instead that Horn alleged conduct in the EEOC Charge that could constitute a claim of hostile work environment. We will consider each theory,

6

favoritism and hostile work environment, by analyzing whether the conduct at issue violated Title VII and whether Horn reported such conduct.

### A. Can Plaintiff Establish a Retaliation Claim Premised Upon Complaints of a Supervisor's Favoritism for a Paramour?

To establish a retaliation claim, an employee must have reasonably believed that his employer engaged in conduct that violated Title VII, and he must have reported this conduct. The EEOC Charge alleges that Horn reported an affair between a supervisor and a supervisee, and that this affair was adversely affecting the work environment. Horn allegedly believed that the supervisor was giving the supervisee preferential treatment. Because the conduct Horn believed to violate Title VII does *not* actually violate Title VII, it does not constitute a claim of retaliation, even if what Horn reported conveyed his belief that his supervisor favored the supervisee in the workplace.

As we held in the dismissal of the original complaint, Title VII does not prohibit an employer from favoring an employee based on a personal relationship, including a paramour relationship. *Schobert v. Ill. Dept. of Trans.*, 304 F.3d 725, 733 (7th Cir. 2002); *see also Preston v. Wisconsin Health Fund*, 397 F.3d 539 (7th Cir. 2005). As the EEOC's own Policy Guidance states, an isolated instance of favoritism does not constitute discrimination in violation of Title VII. EEOC Policy Guidance on Employer Liability under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (Jan. 12, 1990). We again find that Horn's belief that the supervisor's alleged relationship with the supervisee, or any preferential treatment that the supervisor gave the supervisee because of that alleged relationship, violated Title VII cannot be reasonable because Title VII does not prohibit an employer from granting preferential treatment to a paramour.

Whether or not the alleged relationship between the supervisor and the supervisee was consensual has no bearing on Plaintiff's claim. Plaintiff contends that whether the relationship alleged in the EEOC Charge was consensual is a question of fact, but it is a question that is not relevant to this claim. If this alleged relationship was consensual, any resulting favoritism is paramour favoritism and does not violate Title VII, as noted above. If the alleged relationship was not consensual, then only the *target* of the harassment has a claim of sex discrimination, *Schobert*, 304 F.3d at 733, and thus Horn's opposition to harassment of the supervisee would not be protected under Title VII. In either circumstance, Horn opposed conduct that did not actually violate Title VII and thus cannot serve as a basis for a retaliation claim.

Additionally, a plaintiff must report conduct in order for it to serve as the basis for a retaliation claim. We need not reach this issue since Plaintiff has failed to allege conduct that actually violated Title VII, as discussed above.

In conclusion, we again hold that because Title VII does not prohibit a supervisor from giving preferential treatment to a supervisee with whom she has a relationship, Horn could not have reasonably believed that the alleged affair he reported violated Title VII. Consequently, Horn cannot state a cause of action for retaliation under a theory of workplace favoritism.

### B. Can Plaintiff Establish a Retaliation Claim Premised Upon Complaints Of Hostile Work Environment?

Although Plaintiff's amended complaint makes no mention of hostile work environment or even of multiple workplace affairs, because Plaintiff argues in its response brief that the EEOC Charge itself suggests such a claim, we will address this argument. For Plaintiff to establish a claim of retaliation premised upon reporting conduct that constitutes a hostile work environment, Plaintiff must establish that the conduct at issue is prohibited by Title VII's

8

protection against hostile work environments and that Horn actually reported this conduct. Because the conduct at issue could not constitute a hostile work environment, and because Horn did not even report the conduct that Plaintiff argues can constitute a hostile work environment, Plaintiff has not stated a cause of action under a theory of retaliation for reporting a hostile work environment.

1. *Could the Conduct at Issue Allege a Hostile Work Environment in Violation of Title VII?*

Plaintiff argues that because the EEOC Charge alleges that Horn discovered that his supervisor was engaged in multiple affairs, the Charge alleges conduct that "could be" prohibited by Title VII. However, even if Horn had reported such additional alleged affairs, as discussed below, they cannot reasonably be construed to allege a hostile work environment at Defendant company.

Discrimination based on sexual harassment creating a hostile or abusive work environment can violate Title VII. *Meritor v. Vinson*, 477 U.S. 57, 66 (1986). There are two types of such sexual harassment: 1) *quid pro quo*, involving sexual favors exchanged for employment benefits; or 2) hostile environment, when sexual harassment creates an intimidating, hostile, or offensive work environment. *Id.* at 65. Though the EEOC's Policy Guidance suggests that a party who is not the target of harassment can state a claim for hostile environment, EEOC Policy Guidance on Employer Liability under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (Jan. 12, 1990), the Seventh Circuit disagrees. The Seventh Circuit finds that to prevail on a claim of hostile work environment, an employee must show that: "(1) she was subjected to unwelcome sexual advances, requests for sexual favors or other verbal or physical conduct of a sexual nature; (2) the conduct was severe or pervasive enough to create a hostile work environment; (3) the conduct was directed at her because of her

9

sex; and (4) there is a basis for employer liability." *Rhodes v. Illinois Dept. of Trans.*, 359 F.3d 498, 505 (7th Cir. 2004) (citing *Hall v. Bodine Elec. Co.*, 276 F.3d 345, 355 (7th Cir. 2002)).

In evaluating a hostile work environment claim, the court should consider the "totality of the circumstances," *Meritor*, 477 U.S. at 69 (citing 29 CFR § 1604.11(b) (1985)). The conduct must be both subjectively and objectively offensive. *McKenzie v. Milwaukee County*, 381 F.3d 619, 624 (7th Cir. 2004). The Seventh Circuit has found the severity requirement very high, saying that the workplace must be "hellish" to be actionable. *Whittaker v. Northern Illinois Univ.*, 424 F.3d 640, 645 (7th Cir. 2005) (citing *Perry v. Harris Chernin, Inc.*, 126 F.3d 1010, 1013 (7th Cir. 1997)). Even if offensive conduct is directed at the employee, if most of it occurs unbeknownst to the employee, it is not severe enough to create a hostile environment. *Whittaker*, 424 F.3d at 645. Relatively isolated instances of conduct that are not severe are insufficient to support a claim. *Id.* at 646 (citing Saxton v. American Tel. & Tel. Co., 10 F.3d 526, 533 (7th Cir. 1993)).

Here, the neither the amended complaint nor the facts of the EEOC Charge support a basis for a violation of Title VII premised on hostile work environment. The conduct at issue must actually be prohibited by Title VII in order to form the basis for a retaliation claim, though it does not have to rise to the level of being actionable alone. Here, the conduct claimed cannot meet the Seventh Circuit's standard for hostile work environment because none of the alleged affairs involved Horn at all.

First, Horn cannot meet the first element, that *he* was subjected to unwelcome sexual advances, requests for sexual favors or conduct of a sexual nature, for two reasons: he was not the target of any of this alleged conduct; and he does not claim that the alleged affairs were unwelcome. Horn was not involved in the alleged affairs and does not allege that any sexual

10

conduct was directed at him. Additionally, there is no allegation that there were any *unwelcome* sexual advances, directed at Horn or anyone else. Consensual affairs among co-employees are not particularly uncommon, nor are they prohibited by Title VII. Consequently, to hold that any inter-office affairs constitute a hostile work environment would stretch the claim of hostile work environment beyond the statutory proscription. The Charge does not claim that these alleged affairs, other than the one alleged to exist between the supervisor and a specific supervisee, were accompanied by any preferential treatment, much less the sort of preferential treatment that would constitute a widespread system of sexual favoritism.

Horn's lack of involvement with the alleged conduct also undermines the second element, the severity of the conduct. Not only was Horn uninvolved with the alleged affairs, but these alleged affairs occurred almost unbeknownst to Horn: he knew of them only because the supervisor allegedly mentioned their existence. Consequently, any misconduct would not be severe or pervasive enough to constitute an objectively hostile work environment for Horn. Additionally, there is no suggestion that these other affairs were in any way illegal: there is no allegation that they were engaged in to procure employment benefits, that they were coerced, or that any actual misconduct was severe and pervasive enough to come close to meeting the high standards for a hostile work environment claim.

In conclusion, even if Horn had reported these alleged multiple affairs to Defendant, his belief that they violated Title VII could not be reasonable because mere affairs between co-employees, without more, do not create a hostile work environment in violation of Title VII. Because it is clear that Horn cannot possibly meet the first and second elements of a hostile work environment claim, we need not address the remaining elements.

2.  *Did Horn Report the Conduct that Plaintiff Contends Establishes a Hostile Work Environment?*

Here, for Horn to have a claim of retaliation, he must have reported the conduct that he believed violated Title VII. According to the EEOC Charge, the conduct that Horn reported was that his supervisor was allegedly having an affair with a specified supervisee—the Charge does *not* allege that Horn reported his knowledge of the supervisor's alleged additional affairs. Plaintiff's contention that Horn opposed conduct that constitutes a hostile work environment thus fails because Horn never *reported* the alleged additional affairs that plaintiff contends suggest a hostile work environment. Consequently, Horn never engaged in the "expression" that is statutorily protected with regard to these additional affairs. Like the plaintiff in *Durkin v. City of Chicago*, 341 F.3d 606, 614–15 (7th Cir. 2003), even if Horn had experienced conduct that was prohibited by Title VII, since he did not report it, there is no retaliation claim. Consequently, since Horn did not report the additional affairs his supervisor allegedly engaged in, he cannot have a claim of retaliation for reporting such affairs because there was nothing for Defendant to retaliate against.

In conclusion, Plaintiff has not stated a retaliation claim premised on a theory of hostile work environment for two separate and independent reasons: (1) the conduct allegedly occurring, affairs between co-employees, does not constitute a hostile work environment in violation of Title VII; and (2) Horn never reported the alleged affairs that Plaintiff contends establishes such a claim.

## CONCLUSION

Overall, Plaintiff has not stated a retaliation claim because: (1) the amended complaint itself provides no notice as to the nature of the allegedly unlawful conduct; and (2) even considering the EEOC Charge, the Plaintiff has failed to show that Horn reported any conduct

that violated Title VII, either under a theory of favoritism or under a theory of hostile work environment. Under the theory of favoritism, the alleged single affair that Horn reported does not violate Title VII even if it did result in preferential treatment. Under the theory of hostile work environment, the alleged additional affairs are insufficient to constitute a claim of hostile work environment and additionally were never reported to Defendant. Consequently, the EEOC charge establishes that the facts upon which this amended complaint is premised cannot create a cause of action for retaliation.

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted. We grant the Defendant's motion to dismiss Plaintiff's amended complaint with prejudice. This case is hereby terminated.

It is so ordered.

Wayne R. Anderson
United States District Court

Dated: July 12, 2006

13